UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No._____

NICOLAS A. MANZINI, as an individual, and
on behalf of all others similarly situated;

    Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,

    Defendants.

                                       /

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Uber Technologies, Inc., ("Uber") hereby files this Notice of Removal and removes this action from the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Uber, the number of proposed class members exceeds 100 individuals, and the amount in controversy exceeds $5 million in the aggregate. In support of this Notice of Removal, Uber avers as follows:

### I.     THE STATE COURT ACTION.

1. On September 19, 2019, Plaintiff commenced this action against Uber by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Nicolas A. Manzini, as an individual, and on behalf of all others similarly situated v. Uber Technologies, Inc., a foreign corporation,* Case No. 2019-27603 CA 22.

2. Plaintiff served the Complaint on Uber on September 23, 2019. A true and correct copy of the Complaint together with all process and documents filed in the state court action is attached hereto as **Exhibit B**.

3. Plaintiff filed an Amended Complaint on October 11, 2019, and served it on Uber on October 11, 2019. A true and correct copy of the Amended Complaint is attached as **Exhibit A**.

4. Plaintiff's Amended Complaint alleges two causes of action.

5. The First Cause of Action alleges that both Uber's practices relating to "cancellation fees" and Uber's arbitration agreement contained in its "Terms of Use" violate the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and seeks damages in the form of a refund of all cancellation fees and attorney's fees and costs, along with declaratory and injunctive relief. Ex A, Am. Compl, ¶¶ 42-57.

6. The Second Cause of Action makes similar allegations, seeking declaratory and injunctive relief under Florida Statute Section 86.011 *et seq.*, requesting that Uber be enjoined from enforcing its "Terms of Use" containing an arbitration agreement and waiver of the right to a jury trial and to seek class action status, and that they be held unenforceable. *Id*. at ¶¶ 58-64.

7. Plaintiff alleges that he is an Uber customer who was improperly charged a "cancellation fee." *Id*. at ¶¶ 19-27. Plaintiff also acknowledges that he signed Uber's "Terms of Use." *Id*.

8. Plaintiff claims to bring the lawsuit individually and on behalf of a putative class of "all UBER customers within the State of Florida who have been charged a 'cancellation fee' during the period extending from October 12, 2017, through and to the filing date of this Amended Complaint." *Id*. at ¶ 33.

## II. VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b), 1441(a), & 1446(a), because the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, where this action was filed and has been pending prior to removal, is a state court within this federal district and division.

## III. SUBJECT MATTER JURISDICTION

10. The Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 133 S. Ct. 547, 554 (2014).

11. CAFA confers upon the federal courts subject matter jurisdiction over, and thus makes removable, any class action in which: (i) there is minimal diversity (*i.e.*, any member of the proposed plaintiff class is a citizen of a different state than any defendant); (ii) the aggregate number of putative class members in the proposed class is at least 100; and (iii) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).[1]

### A. This Court Has Subject Matter Jurisdiction Under CAFA

12. This Court has original jurisdiction based on CAFA. 28 U.S.C. § 1332(d). CAFA jurisdiction exists because (i) this matter was brought as a purported class action, (ii) diversity of citizenship exists between one or more members of the putative class and Uber, (iii) the number of proposed class members exceeds 100 individuals, and (iv) the amount in controversy exceeds $5 million in the aggregate. Additionally, (v) no CAFA exceptions exist. All of CAFA's jurisdictional prerequisites are clearly satisfied here.

---

[1] Uber disputes and reserves all rights to contest Plaintiff's allegations that this case can properly be certified and proceed as a class action.

### 1.     This Case Is A Purported Class Action.

13.     Plaintiff seeks to certify a putative class of "all UBER customers within the State of Florida who have been charged a 'cancellation fee' during the period extending from October 12, 2017, through and to the filing date of this Amended Complaint" under Florida Rule of Civil Procedure 1.220. Ex A., Am. Compl. ¶ 33. Florida Rule of Civil Procedure 1.220 is Florida's class action rule based on Federal Rule of Civil Procedure 23 governing class actions. Thus, the first CAFA requirement is satisfied. *See Lance v. Wade*, 457 So. 2d 1008, 1011, n.2 (Fla. 1984) ("The current [Florida] class action rule is based on the federal class action rule …"); *Andrews v. Ocean Reef Club, Inc.*, No. 91-20-575CA18, 1992 WL 205805, at n.1 (Fla. Cir. Ct. 1992) (Fed. R. Civ. P. 23 "is substantially similar to Fla. R. Civ. P. 1.220-its Florida counterpart") (citing *Powell v. River Ranch Property Owners Ass'n, Inc.*, 522 So. 2d 69 (Fla. 2d DCA 1988)).

### 2.     Minimal Diversity of Citizenship Exists.

14.     CAFA does not require complete diversity, but rather minimal diversity, which may be established when "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, this requirement is met because Plaintiff is a citizen of Florida and Uber is a citizen of Delaware and California.

15.     Plaintiff alleges that he is a citizen and resident of Florida. Ex. A, Am. Compl. ¶ 13.

16.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c)(1). Plaintiff concedes that Uber is a "foreign corporation." Ex. A, Am. Compl. ¶ 14. Uber is a publicly-held company incorporated in Delaware with its principal place of business in San Francisco, California. Therefore, Uber is a citizen of Delaware and California.

*See Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1083 (N.D. Cal. 2019) (holding that Uber is a citizen of Delaware and California); *Costopoulos v. Uber Techs., Inc.*, No. CV 18-3590, 2018 WL 4739693, at *1 (E.D. La. Oct. 2, 2018) (same).

17. Based on the above, at least one member of the putative class is a citizen of a state different from Uber, because Plaintiff is a citizen of Florida while Uber is a citizen of Delaware and California—not Florida. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which any member of a putative class is a citizen of a state different from any defendant).

### 3.  **The Amount-In-Controversy Plausibly Meets or Exceeds $5 Million.**

18. Under CAFA, the class action complaint sought to be removed must place in controversy at least $5 million. 28 U.S.C. § 1332(d). Importantly, CAFA requires claim aggregation when determining the amount put at issue by a complaint. 28 U.S.C. § 1332(d)(6).

19. As the United States Supreme Court has held, Defendants' notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 554. The Supreme Court has made it clear that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

20. Based upon Plaintiff's allegations, theories, and class definition (which Uber disputes), Uber plausibly alleges that the $5 million amount-in-controversy requirement for CAFA is satisfied.

21. It is well settled that damages and attorneys' fees (when authorized by statute or contract) must be considered when calculating the amount-in-controversy under 28 U.S.C. § 1332. *See, e.g., Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the

amount in controversy."); *Awad v. Cici Enters.*, No. 8:06-cv-1278-T-24TBM, 2006 WL 2850108, at *1 (M.D. Fla. Oct. 3, 2006) (emphasizing that in determining the amount-in-controversy, compensatory damages and reasonable attorneys' fees authorized by statute must be included).

22. The Eleventh Circuit Court of Appeals has recognized that the amount-in-controversy for CAFA jurisdiction can be satisfied through "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

23. Further, it is axiomatic that "[a] removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (citations omitted); *see also Pretka*, 608 F.3d at 751.  The amount in controversy "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Id.*

24. Finally, a plaintiff's conclusory allegation and/or stipulation that the amount in controversy does not exceed $5 million does not prevent removal under CAFA. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013).  This rule has particular force here, where Plaintiff conclusorily alleges in a footnote that the amount-in-controversy does not exceed $5 million.  Ex A., Am. Compl. ¶ 11 n.3.

25. Here, consistent with these principles, the amount in controversy exceeds $5 million for all putative class members and CAFA removal is proper.  Although Uber denies that it is liable to Plaintiff at all for any relief, given the Amended Complaint's request for compensatory damages, attorneys' fees, and declaratory and injunctive relief on behalf of the putative class, the amount in controversy is more than $5 million.

26.     *Compensatory Damages*.  Plaintiff seeks to certify a class consisting of "all UBER customers within the State of Florida who have been charged a 'cancellation fee' during the period extending from October 12, 2017, through and to the filing date of this Amended Complaint."  Ex A., Am. Compl. ¶ 33.  Plaintiff alleges that he was improperly charged a cancellation fee in the amount of $3.50 dollars.  *Id*. at ¶ 23.  As damages, Plaintiff seeks a refund of all "cancellation fees" charged by Uber in Florida during the putative class period.  *Id*. at ¶¶ 50, 57.

27.     A preliminary review of Uber's records indicates that for the period covering the putative class period (October 12, 2017 through October 11, 2019), riders were charged more than $5 million in cancellation fees in connection with trips completed via the Uber application in Florida.

28.     Accordingly, the amount-in-controversy based on Plaintiff's requested refund of cancellation fees alone is sufficient to meet or exceed CAFA's $5 million requirement.

29.     *Attorney's Fees*.  In addition to seeking refund of the alleged improper cancelation fees, Plaintiff also seeks attorney's fees and costs in connection with this FDUTPA claim—which are available to the prevailing party under FDUTPA.  Ex A, Am. Compl. ¶ 49; Fla. Stat. § 501.2105(1).

30.     When authorized by statute—as here—reasonable attorneys' fees must be considered when calculating the amount in controversy.  *Morrison*, 228 F.3d at 1265 ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

31.     In determining the amount of attorneys' fees in controversy for purposes of CAFA, federal courts often use a benchmark of total potential damages.  *See e.g.*, *Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014) (suggesting that a 30 percent benchmark

may be appropriate in determining whether CAFA amount-in-controversy requirement is met); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (using 30 percent benchmark).

32.  Here, while Uber disputes that Plaintiff would be entitled to any attorneys' fees, Plaintiff's request for attorneys' fees further increases the total amount in controversy beyond the $5 million jurisdictional threshold.

33.  ***Injunctive Relief***.  In addition to compensatory damages and attorney's fees and costs, Plaintiff also seeks injunctive relief that would completely change whether and how Uber collects cancellation fees.  Ex A., Am. Compl. ¶¶ 49-50.  The Senate Judiciary Report 109-14—the authoritative source regarding Congress' intent in enacting CAFA[2]—makes clear that the impact of injunctive relief on a defendant must be considered in determining whether CAFA's amount-in-controversy requirement is met.  *See* S. Rep. No. 109-14 (2005), *available at* 2005 WL 627977 (hereinafter, the "Senate Report"); *see, also e.g.*, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (analyzing CAFA's $5 million amount in controversy requirement by examining the cost to defendant of complying with an injunction because "the cost of prospective relief cannot be ignored in the calculation of the amount in controversy"); *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1218 (D.N.M. 2013) (under CAFA, "a court can calculate the defendants' costs associated with the relief sought to determine the amount in controversy"); *Otay Hydraulics, Inc. v. Safety-Kleen Sys., Inc.*, No. 2:12-CV-07357- ODW(VBKx), 2013 WL 1898573, at *2 (C.D. Cal. May 6, 2013) (same); *Magnum Minerals, L.L.C. v. Homeland Ins. Co. of N.Y.*, No. 2:13-CV-103-J, 2013 WL 4766707, at *3 (N.D. Tex. Sept. 5, 2013) (same); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) (same); *Lewis v. Auto Club Family Inc. Co.*, CIV.A. No. 11-169-D-M2, 2011 WL 3444312, at *3 (M.D. La. July 7, 2011) (same);

---

[2]  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1205–06 (11th Cir. 2007) ("[The Senate Report is] the authoritative source for finding the Legislature's intent [regarding CAFA].")

*Rasberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 600-01 (E.D. Tex. 2009) (same).

34. Here, Plaintiff's claim for injunctive relief has placed in controversy the costs to Uber in foregoing the collection of cancellation fees. Ex A, Am Compl. ¶¶ 50. As a result, if Plaintiff obtains the injunctive relief sought, the costs to Uber will be substantial, further increasing the amount-in-controversy above the CAFA threshold. *See Adams v. Am. Family Mut. Ins. Co.*, 981 F. Supp. 2d 837, 850–51 (S.D. Iowa 2013) (finding defendant sufficiently demonstrated that the "stakes" of the lawsuit exceeded the amount in controversy because "if Plaintiffs are awarded the declaratory and injunctive relief they seek, Defendant is likely to face pecuniary costs that logically flow from such relief in amounts exceeding $5 million").

35. In short, Uber disputes that Plaintiff is entitled to any form of relief on any claim, much less on a class basis. Nonetheless, the aggregate amount in controversy that Plaintiff has placed at issue exceeds $5 million based solely on the amount of cancellation fees charged in Florida during Plaintiff's putative class period, for which Plaintiff seeks a refund. When attorney's fees are added, the $5 million threshold is further exceeded. Lastly, the injunctive relief sought by Plaintiff further pushes the amount in controversy above the $5 million requirement.

### 4. The Putative Class Includes At Least 100 Members.

36. CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is clearly met here.

37. While Plaintiff does not identify the number of putative class members in his Amended Complaint, Plaintiff seeks to certify a state-wide class of all Uber customers in Florida who were charged "cancellation fees" between October 12, 2017 and October 11, 2019, and alleges that "a large number of Uber customers [are] affected." Ex A, Am. Compl. ¶ 39.

38. A preliminary review of Uber's records indicates that for the putative class period covering October 12, 2017 through October 11, 2019, in excess of 100 riders were charged cancellation fees in connection with trips completed via the Uber application in Florida. Accordingly, it is clear that in excess of 100 putative class members exist based on Plaintiff's proposed class definition in the Amended Complaint.

### 5. No CAFA Exception Applies.

39. The "local controversy" exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(A) is inapplicable because Uber—the only Defendant in this case—is not a citizen of Florida. Uber is a citizen of Delaware and California.

40. Likewise, the "home state" exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(B) is inapplicable because the "primary defendant"—Uber—is not a citizen of Florida. Uber is a citizen of Delaware and California.

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

41. The Notice of Removal is timely filed. Plaintiff served Uber with the Complaint on September 23, 2019 and with the Amended Complaint on October 11, 2019. Because this Notice of Removal is filed within thirty (30) days of service of the original Complaint on Uber, it is timely under 28 U.S.C. §§ 1446(b) and 1453. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

42. In compliance with 28 U.S.C. § 1446(a), copies of all process and documents filed or served in the state court action are attached as **Exhibits A-B**.

43. As Plaintiff originally filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, removal to the United States District Court for the Southern District of Florida is proper under 28 U.S.C. § 1441(a).

44.     As required by 28 U.S.C. § 1446(d), Uber will provide notice of this removal to Plaintiff, who is proceeding *pro se*, and will file a copy of this Notice with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

45.     By filing this Notice of Removal, Uber does not waive any defenses that may be available to it and reserves all such defenses.  Uber does not concede that Plaintiff is entitled to have a class certified or is entitled to any damages or attorneys' fees.  If any question arises as to the propriety of the removal of this action, Uber requests the opportunity to present a brief in support of their position that this case is removable.

## IV.     CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453, Uber hereby removes this action from the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.

Dated: October 23, 2019                             Respectfully submitted,

*/s/ Brian M. Ercole*
Brian M. Ercole, FL Bar No. 102189
brian.ercole@morganlewis.com
Clay M. Carlton, FL Bar No. 85767
clay.carlton@morganlewis.com
Bruno Reategui, FL Bar No. 1013936
bruno.reategui@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Ste. 5300
Miami, FL 33131-2339
Telephone: (305) 415-3000

*Attorneys for Defendant*
*Uber Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Removal was served via e-mail and Federal Express on October 23, 2019, to:

Nicolas A. Manzini
6426 S.W. 9th Street
West Miami, FL 33144
manzini404@aol.com

*Plaintiff*

*/s/ Brian M. Ercole*
Brian M. Ercole